UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

MARY KAY ANDERSON,

    Plaintiff,

v.

FEDERATED LIFE INSURANCE COMPANY,

    Defendant.

Case No. 3:23-cv-213

## NOTICE OF REMOVAL

NOW COMES Defendant, FEDERATED LIFE INSURANCE COMPANY, ("Defendant"), by and through counsel, LEWIS BRISBOIS BISGAARD & SMITH LLP, pursuant to 28 U.S.C.S. § 1446, and hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1441(b) to remove this action from the Hamilton Circuit Court sitting in Hamilton County, Indiana to the United States District Court for the Southern District of Indiana, Indianapolis Division. In support of said removal, Defendants state as follows:

1.    On November 2, 2023, Plaintiff filed a Verified Complaint in the Warrick County, Indiana Circuit Court cause number 87C01-3211-PL-001999, entitled *Mary Kay Anderson v. Federated Life Insurance Company.* See **Exhibit A**, Indiana State Court Action Record (Docket, Appearance for Plaintiff, Verified Complaint, Summons to Federated Life Insurance Company, Return of Service, Appearances for Defendant, Defendant's Notice of Initial Extension of Time), and **Exhibit B**, Plaintiff's Verified Complaint.

2.    In the lawsuit, Plaintiff avers that she is the named beneficiary of a life insurance policy issued to Wade Anderson, that she is entitled to payment following her husband's death on July 24, 2023, and that Defendant breached contractual and fiduciary duties owed to her by

refusing to issue payment on the life insurance policy, said policy which she claims did not lapse before the policyholder's death. *See* Ex. B at ¶¶ 5, 7, 15, 19.

3. On November 7, 2023, Plaintiff's counsel served the Defendant through Defendant's Registered Agent via USPS . *See* **Exhibit C**, Return of Service filed by Plaintiff on November 17, 2023.

4. 28 U.S.C.S. § 1446(b)(1), provides that a notice of removal shall be filed within thirty (30) days after the defendant receives a copy of the plaintiff's initial pleading. Plaintiff's counsel served Defendant via registered agent on November 7, 2023, as evidenced by the proof of service Plaintiff filed with the Court. *See*, Ex. C, Service Correspondence dated November 7, 2023. As such, Defendants' Notice of Removal is timely filed under 28 U.S.C.S. § 1446(b), as the time by which removal must be effectuated is December 7, 2023, and this Notice of Removal has been filed in advance of that date. Moreover, this Notice of Removal was filed within one year after commencement of the action.

5. The District Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.S. § 1332, because the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. Moreover, because this cause of action meets the statutory criteria, Defendants are permitted to remove this case pursuant to 28 U.S.C.S. § 1441.

6. Plaintiff concedes she is a resident and citizen of Indiana. *See* Ex. B at ¶1.

7. Under 28 U.S.C.S. § 1332(c), a corporation is deemed a "citizen" in the state in which it was incorporated and the state in which its principal place of business is located. Defendant, Federated Life Insurance Company is a Minnesota Corporation with a principal place of business in Minnesota, which Plaintiff does not dispute. *Id*. at ¶3.

8. Plaintiff is seeking to recover damages against Defendant under tort and breach of contract theories, and she is seeking an amount equal to the policy limits of the life insurance policy at the time of the policyholder's death, pre-judgement interest, attorney fees, and costs of the action. *Id*. at ¶3-4. The policy at issue had an amount of one hundred thousand dollars ($100,000.00) had it not lapsed prior to the policyholder's death, and therefore, the amount of controversy exceeds the sum or value of $75,000 (policy limit plus fees plus bad faith claim), thus satisfying the amount in controversy requirement. *Id.* at ¶13. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

9. As a result of the foregoing, diversity of citizenship and the jurisdictional minimum amount have been satisfied. Therefore, pursuant to 28 U.S.C.S. § 1332, this Court has jurisdiction over this matter.

10. Defendant, pursuant to 28 U.S.C.S. § 1446(a), has attached to this Notice of Removal a copy of all pleadings, papers, and other orders available to them and/or served on them in the State Court Action to date. *See* Ex. A.

11. Because Defendant has adequately set forth the requirements of 28 U.S.C.S. § 1332, § 1441, and § 1446, this Court may exercise its original jurisdiction and accept Defendant's removal of the State Court Action.

12. In the event that Plaintiff moves for remand, or this Court considers remand *sua sponte*, Defendant respectfully reserves the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

13. Removal is hereby effected without waiver of any challenges that Defendant may have to personal jurisdiction or venue. Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

Wherefore, Defendant, FEDERATED LIFE INSURANCE COMPANY, hereby removes this action from the Warrick Circuit Court, state of Indiana, and pray that this action proceeds in the United State District Court of the Southern District of Indiana, Evansville Division.

    Respectfully submitted,

    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Scott C. Cockrum*
    Scott B. Cockrum (20840-45)
    Kristanna Roper-Nikitaras (35054-64)
    2211 Main Street, Suite 3-2A
    Highland, Indiana 46322
    T: 219.440.0600 | F:219.440.0601
    Scott.Cockrum@lewisbrisbois.com
    Kristanna.Nikitaras@lewisbrisbois.com
    *Attorneys for Defendant*